Filed 5/27/22  Vorobiev v. Wolf CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| DAVID VOROBIEV, | B312666 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCV39035) |
| v. | |
| ERIC WOLF et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Maurice A. Leiter, Judge.  Affirmed.

Eric Wolf, in pro. per., for Defendant and Appellant.

Pettit Kohn Ingrassia Lutz & Dolin, Douglas A. Pettit and Matthew C. Smith for Defendants and Appellants Robert J. Hudock and Hudock Employment Law Group, APC.

Law Offices of Rodney T. Lewin and Chandler Owen Bartlett for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendants and appellants Robert J. Hudock and Hudock Employment Law Group, APC, appeal from the order denying their special motion to strike pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP motion). All further undesignated statutory references are to this code. Defendant and appellant Eric Wolf, who joined in the motion, also appeals from the court's denial.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal arises from a long-running dispute between property owners in a planned community known as Bell Canyon. Eric Wolf is a property owner and resident of Bell Canyon, as well as a longtime member of the board of directors for the Bell Canyon homeowners' association.

Leon and Marina Reingold, a married couple, also own property in Bell Canyon. They are not parties to this appeal. Since at least 2016, the Reingolds have had a contentious relationship with Wolf stemming primarily from the Reingolds' belief that Wolf had engaged in misconduct as a member of the board and had unfairly interfered with their efforts to develop their property. Marina's father is plaintiff and respondent David Vorobiev. Vorobiev apparently did not have any personal interactions with Wolf.

In 2016, while the Reingolds were beginning to develop their property, they used an e-mail account set up by Marina under her father's name. When e-mails were sent from that account, the sender was identified as "David Vorobiev" with the actual e-mail address identified as jem***@*********.net (partially redacted for privacy). On October 1, 2016, Leon, using the Vorobiev e-mail account, sent an e-mail to Barry Schehr,

another member of the Bell Canyon board of directors. The e-mail outlined numerous complaints and accusations of misconduct against Wolf regarding his alleged interference in the Reingolds' development plans. Among other things, the e-mail asserted that Wolf had threatened the Reingolds, telling them their development plans would not be approved if they used a builder (Nissim David-Chai) who was in litigation against the homeowners' association. Wolf was a defendant in that action. Leon also said Wolf told him he better do whatever he says or Leon would not get the approvals for his property.

In October 2017, Wolf, represented by Robert J. Hudock and his firm, Hudock Employment Law Group, filed an action for defamation and intentional infliction of emotional distress against the Reingolds and Vorobiev in Ventura County Superior Court (the Defamation Action). Wolf alleged the Reingolds and Vorobiev, along with unidentified Doe defendants, engaged in numerous illegal acts, either personally or as members of a conspiracy, that were intended to defame Wolf, damage his reputation and cause him distress. Wolf alleged the Reingolds and Vorobiev fraudulently obtained Wolf's private cellular phone records from Sprint and then used the information to anonymously contact Wolf's friends, family and colleagues, accusing Wolf of unethical and corrupt behavior. Wolf further alleged the the Reingolds and Vorobiev made and published numerous oral and written defamatory statements over a period of several months. The statements in the October 1, 2016 e-mail sent to Schehr from the Vorobiev e-mail account were described in detail in the complaint. Wolf alleged the statement was made by Leon and published by Vorobiev via e-mail.

In September 2019, Vorobiev filed a motion for summary judgment in the Defamation Action. In a supporting declaration, Vorobiev stated he was not computer literate, did not own or use a computer, was not fluent in English, and primarily spoke his native language, Russian. Vorobiev further attested he had nothing to do with the October 1, 2016 e-mail and had first learned of its existence when he was sued by Wolf.

In October 2019, prior to the hearing on Vorobiev's summary judgment motion, Wolf filed a voluntary dismissal of Vorobiev from the Defamation Action with prejudice.

Vorobiev then filed this action, stating a sole cause of action for malicious prosecution against Wolf, Hudock and Hudock Employment Law Group, APC, based on the filing and prosecution of the Defamation Action.

Hudock and Hudock Employment Law Group filed an anti-SLAPP motion. Wolf, proceeding in propria persona, joined in the motion and did not submit any additional evidence on his own behalf. Defendants argued that Vorobiev could not establish the essential elements of a malicious prosecution claim of favorable termination, lack of probable cause and malice.

In his supporting declaration, Hudock attested to his efforts to negotiate a dismissal of Vorobiev from the Defamation Action, including requesting a declaration from Vorobiev acknowledging he played no role in the publication of the October 1, 2016 e-mail. He explained that counsel for Vorobiev rebuffed all of his efforts in that regard.

Vorobiev opposed defendants' motion, conceding that a malicious prosecution claim involves protected activity under the anti-SLAPP statute, but arguing that his evidence established a probability of prevailing on the merits. Vorobiev argued

4

defendants' motion focused solely on the October 1, 2016 e-mail and did not address the other allegations made in the Defamation Action, including the alleged conspiracy to steal cell phone records. The opposition included Vorobiev's declaration stating the same facts he had attested to in his summary judgment motion, and declarations from Leon and Marina Reingold.

In his declaration, Leon said he used the e-mail account set up by his wife in the name of Vorobiev to regularly correspond with Wolf, the other Bell Canyon board members, and the architectural committee. Copies of several e-mail exchanges between April to October 2016 were attached as exhibits. Leon said he was the one who sent the October 1, 2016 e-mail to Schehr and that his father-in-law, Vorobiev, had nothing to do with it. In an e-mail dated October 27, 2016, from Wolf to the Vorobiev e-mail account, Wolf wrote "Dear Mr. and Mrs. Reingold" and concluded the e-mail with the following statement: "For the record, I notice that David Vorobiev is an alias for your email. I have noticed this fact on other communications. Please consider any email to this email address a delivery to Mr. and Mrs. Reingold."

Leon also said that well before Wolf filed the Defamation Action, Wolf threatened to drag his elderly father-in-law into "this situation," referencing their ongoing dispute. Wolf told Leon that if he did not retract the statements he had made in the October 1, 2016 e-mail, he would sue Vorobiev. Wolf also told Leon "[w]e might approve you and you can build your house, but I'll own it if you don't retract" the October 1, 2016 e-mail.

Vorobiev also presented portions of deposition transcripts from the lawsuit filed by Nissim David-Chai against Wolf, the Bell Canyon homeowners' association and others. Hudock was

present at the depositions as Wolf's counsel. The deposition of Wolf took place on August 15, 2017. He admitted that he considered the Vorobiev e-mail account to be "an alias" of Leon. The deposition of Leon took place on October 26, 2017. Leon admitted he was the one who wrote and sent the October 1, 2016 e-mail. Yet the Hudock defendants filed the Defamation Action against Vorobiev on October 5, 2017, *after* Wolf admitted in deposition that he knew the Vorobiev e-mail account was an alias of Leon, and continued to prosecute it after Leon admitted he sent the allegedly defamatory e-mail.

The hearing on the motion took place on May 5, 2021. The court entertained argument and then took the motion under submission. Later that day, the court issued a written order denying the motion, finding Vorobiev had established sufficient facts on the elements of favorable termination, lack of probable cause, malice and damages.

This appeal followed.

## DISCUSSION

### 1.  Applicable Law

The anti-SLAPP statute was enacted to provide a procedure for the early dismissal of frivolous causes of action that infringe on the rights to free speech and to petition for a redress of grievances. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060.) The statute states that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the

6

plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

In resolving an anti-SLAPP motion, the court engages in a two-step analysis. The court must first determine whether the moving defendant "has made a threshold showing that the challenged cause of action is one arising from protected activity." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88.) If the court determines the defendant met this initial burden, the burden shifts to the plaintiff and the court "must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Ibid.*) Only those causes of action that satisfy both prongs of section 425.16 (arising from protected activity and lacking minimal merit) are subject to being stricken under the statute. (*Navellier,* at p. 89.)

We independently review a ruling on an anti-SLAPP motion, applying the same two-step procedure as the trial court. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 (*Soukup*).) We consider the pleadings and the admissible evidence submitted in the moving and opposing papers. (§ 425.16, subd. (b)(2).) We accept as true all evidence favorable to the nonmoving plaintiff and do not compare the weight of the parties' evidence or make credibility determinations. We only evaluate the moving defendant's evidence to determine if it defeats the plaintiff's evidence as a matter of law. (*Soukup*, at p. 269, fn. 3.)

**2.  Step One:  Protected Activity**

Vorobiev's sole cause of action against defendants is for malicious prosecution of a civil action. He concedes, as he did below, that a malicious prosecution claim is subject to an anti-SLAPP motion. We agree. (*Jarrow Formulas, Inc. v. LaMarche*

7

(2003) 31 Cal.4th 728, 735 [every reviewing court "that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute"].)

3.    **Step Two:  Minimal Merit**

To defeat defendants' motion, Vorobiev was required to demonstrate his malicious prosecution claim was "both legally sufficient and supported by a sufficient prima facie showing of facts" to sustain a judgment in his favor if his evidence was credited.  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)  " '[C]laims with the requisite minimal merit may proceed.' "  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 385.)

A malicious prosecution claim consists of three elements. The plaintiff must demonstrate the underlying action (1) terminated favorably to plaintiff, (2) was brought or maintained without probable cause and (3) was brought or maintained with malice.  (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871 (*Sheldon Appel*); accord, *Parrish v. Latham & Watkins* (2017) 3 Cal.5th 767, 775 (*Parrish*).)

a.    **Favorable termination**

" 'In order for a termination of a lawsuit to be considered favorable with regard to a malicious prosecution claim, the termination must reflect on the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit.' " (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 720.)  A voluntary dismissal generally reflects on the merits.  (*Medley Capital Corp. v. Security National Guaranty, Inc.* (2017) 17 Cal.App.5th 33, 47.)

Defendants admit they dismissed Vorobiev from the Defamation Action after he filed the summary judgment motion declaring his lack of involvement with, or knowledge of, the

allegedly defamatory October 2016 e-mail.  Defendants claim the dismissal does not reflect on the merits because it was merely a strategic decision to refocus the litigation on the Reingolds and avoid additional litigation costs in opposing the summary judgment motion.  Vorobiev's evidence is sufficient at this stage of the proceedings to support a finding defendants dismissed their claims against Vorobiev because he was not liable on the merits, which satisfies the favorable termination element.

### b. Lack of probable cause

The probable cause element requires " 'the trial court to make an objective determination of the "reasonableness" of the defendant's conduct, i.e., to determine whether, *on the basis of the facts known to the defendant*, the institution [or maintenance] of the prior action was legally tenable.' " (*Parrish*, *supra*, 3 Cal.5th at p. 776, italics added.)

Where the facts known to the defendant are in dispute, "that dispute must be resolved by the trier of fact before the objective standard can be applied by the court." (*Mendoza v. Wichmann* (2011) 194 Cal.App.4th 1430, 1450; accord, *Sheldon Appel*, *supra*, 47 Cal.3d at p. 881.)  The facts here are in dispute as to Wolf's and Hudock's knowledge regarding Vorobiev's involvement in any of the allegedly defamatory conduct.  Vorobiev argues the evidence shows defendants knew the e-mail account was used by the Reingolds and that Vorobiev had no involvement in any of the communications or in any of the other alleged conduct.  Defendants assert they had a reasonable basis for believing Vorobiev sent the October 1, 2016 e-mail because it came from an e-mail account in his name, he was related to the Reingolds, and he had refused, until the filing of the summary

9

judgment motion, to provide a declaration attesting to his lack of involvement.

Our task is *not* to resolve the disputed facts. We are not deciding the merits of Vorobiev's malicious prosecution claim. We are only deciding whether Vorobiev has shown his claim has the requisite minimal merit to defeat the anti-SLAPP motion. As explained above, in making that assessment, we accept as true all evidence favorable to Vorobiev and do not weigh the evidence or make credibility determinations. We only consider and evaluate defendants' evidence to determine if it defeats Vorobiev's evidence as a matter of law. (*Soukup*, *supra*, 39 Cal.4th at p. 269, fn. 3.)

The e-mail correspondence between Leon and Wolf, as well as other members of the Bell Canyon board, supports a finding that Wolf knew, long before the filing of his Defamation Action, that Leon was the author *and sender* of the e-mails and that Vorobiev, Leon's elderly father-in-law, was not involved. We cannot rule out at this stage the reasonable inference that Hudock, as Wolf's counsel, was also aware of this same information. There was no other evidence raising a reasonable belief Vorobiev had any involvement in an alleged conspiracy to defame Wolf.

### c. Malice

The malice element requires a showing the underlying action was filed due to actual ill will or some other improper motive. (*Gruber v. Gruber* (2020) 48 Cal.App.5th 529, 538.) "Malice requires more than proof that the party acted without probable cause." (*Ibid*.)

Here, the same evidence discussed above regarding probable cause is sufficient to establish the malice element. Leon

10

testified that Wolf directly threatened to sue his elderly father-in-law in order to extort a retraction from him of the accusations he made against Wolf. That evidence, accepted as true for purposes of the motion, supports a finding the action was initiated and maintained with the requisite malice.

The evidence, including the e-mail correspondence from April to October 2016 and the depositions in the David-Chai lawsuit, also demonstrates that Hudock knew or had reason to know well before the filing of the Defamation Action that Vorobiev was not the one who sent the October 1, 2016 e-mail. No other evidence was presented supporting any bases for concluding Vorobiev had conspired to defame Wolf. Nevertheless, Hudock, acting as Wolf's attorney, continued to prosecute the Defamation Action for almost another two years before dismissing Vorobiev. The evidence is sufficient to raise an inference of malice by the Hudock defendants.

### d. Damages

Damages are an element of any tort cause of action but defendants did not assert in their anti-SLAPP motion below that Vorobiev could not show he suffered damages. Thus, Vorobiev did not offer evidence of damages in opposition to the anti-SLAPP motion. In their reply papers in the trial court, the Hudock defendants argued that Vorobiev failed to submit any evidence he suffered either emotional distress or monetary damages in the form of attorney fees defending the Defamation Action. The trial court found damages could be inferred. On this record, we agree with the trial court that damages could be inferred from Vorobiev's evidence in opposition to the motion.

**DISPOSITION**

The order denying the special motion to strike by defendants and appellants Robert J. Hudock and the Hudock Employment Law Group, APC, and denying the joinder by defendant and appellant Eric Wolf is affirmed.

Plaintiff and respondent David Vorobiev shall recover costs of appeal.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.